UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH WILLIAMS,                              :
                                              :
      Petitioner                              :
                                              :
  v.                                          : CIVIL NO. 3:CV-15-1090
                                              :
NANCY A. GIROUX, et al.,                      : (Judge Kosik)
                                              :
      Respondents                             :

**MEMORANDUM**

Joseph Williams, an inmate presently confined at the State Correctional Institution at Albion (SCI-Albion), Pennsylvania, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Huntingdon Superintendent Nancy A. Giroux.[1]  Accompanying the petition are motions filed by Williams to proceed in forma pauperis in this matter (Doc. 2) and for a stay and abeyance of his habeas corpus petition (Doc. 3). Service of the petition has not yet been ordered.

**Background**

According to the petition, on February 12, 2009, Williams was convicted of

---

[1] The Clerk of Court will also be directed to add the York County District Attorney to the docket as a respondent.

Third Degree Murder and Robbery/Inflicting Serious Bodily Harm following a jury trial in the Court of Common Pleas of York County, Pennsylvania.  He was sentenced on April 3, 2009 to a term of 20-40 years on the murder conviction and a 10-20 consecutive sentence on the robbery conviction.

On June 10, 2011, the Pennsylvania Superior Court affirmed the conviction on direct appeal.  The Pennsylvania Supreme Court denied a petition for allowance of appeal on August 8, 2012.  (Doc. 1, Pet. at 1-2.)  No further appeal to the United States Supreme Court was pursued.

According to the petition, and as verified through the Unified Judicial System of Pennsylvania Web Portal, see https://ujsportal.pacoaurts.us, Williams also sought collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) on August 31, 2011.[2]  Williams states that his PCRA raises grounds set forth in the instant federal habeas petition.  (Id. at 5-18.)  According to Williams, and as reflected in the criminal docket in the York County Court of Common Pleas, the PCRA petition is still presently pending in said court.  See Commonwealth v.

---

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Williams, CP-67-CR-0000695-2008 (York Cnty. Ct. C. P.).[3]

The pending federal habeas corpus petition was filed on June 3, 2015, and asserts nine (9) grounds attacking Williams' 2009 conviction and sentence. He seeks a stay/abeyance of this case pending resolution of the PCRA petition currently before the York County Court of Common Pleas. (Doc. 3.) In support of his request to stay, he argues that he is currently attempting to fully exhaust some of the claims contained in his habeas petition and that his PCRA petition was filed several years ago. He fears that if the instant petition is dismissed for failure to exhaust, he will not have sufficient time to file a new timely federal petition.

**Discussion**

Title 28, United States Code Section 2254(b)(1), provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state

---

[3] From the docket, it appears that following the filing of the PCRA petition, counsel was appointed and a hearing was scheduled. The hearing was thereafter continued on November 10, 2011, pending the conclusion of direct review being pursued by Williams at the time. It was further noted in the docket that if the appeal process was not successful, the PCRA hearing would be rescheduled. After the Supreme Court's denial of Williams' petition for allowance of appeal on August 8, 2012, it appears that Williams filed some type of motion related to his pending PCRA several days later. Since that time, counsel was again appointed and several pieces of correspondence with respect to the pending PCRA matter have been filed by Williams in the York County Court.

corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting the total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely, but mixed (one containing both exhausted and unexhausted claims), federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to time

limitations imposed by 28 U.S.C. § 2254(b)(1).  The <u>Rhines</u> Court recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court.  <u>Rhines</u>, 544 U.S. at 277.  The United States Court of Appeals for the Third Circuit in <u>Crews</u> similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  <u>Crews</u>, 360 F.3d at 154(internal citations omitted).

<u>Rhines</u> and <u>Crews</u> both contemplate that the initial federal petition must be timely filed.  In the present case, Williams claims that his federal petition contains both exhausted and unexhausted claims.  While there is no indication the federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996, Williams requests a stay because his pending § 2254 action includes claims that he is also asserting via a PCRA petition which is presently under consideration in Pennsylvania state court.  He further points out that his PCRA petition has been pending for several years and expresses fear that the delay may somehow impact the timeliness of his federal petition.

On the face of the petition, it does not appear that Williams would be in the position of <u>Crews</u> of forfeiting federal court review of his issues once the PCRA petition is decided.  However, there is also no indication that he is seeking to defer

5

adjudication of his claims or to defeat the interests of finality of state court judgments. Rather, it appears that he has been attempting to pursue his PCRA remedy in the state court. As such, out of an abundance of caution and in light of Williams' pro se status, his request for a stay of litigation in this case will be granted while he exhausts the state review process on his pending unexhausted federal claims.

In order to keep the matter moving forward, every sixty (60) days, Williams will be directed to provide the court with a written status report regarding his PCRA petition presently pending before the York County Court of Common Pleas. Upon demonstration by Williams that his state court proceedings have concluded, the stay issued in this matter will be lifted. This matter will be marked closed, however, for administrative purposes. An appropriate order will follow.